IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| THOMAS A. McLAREN and RITA D. McLAREN,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>IRS-APPEALS OFFICE, MICHAEL JEKA,<br><br>                    Defendant. | CV-06-53-BU-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is Plaintiffs' Application to Proceed Without Prepayment of Fees and Affidavit (*Court's Doc. No. 2*). In their affidavit, Plaintiffs report the following financial information: a combined income of $2,000 per month; $150 in cash or checking or savings accounts; a home valued at $60,000, in which they owe $57,000; a tract of land in Georgetown Estates valued at $20,000, in which they owe $60,000;[1] a 1995 Chevy truck worth approximately $2,000; and a 2005 Impala that they are purchasing for $10,000.  Although Plaintiffs list Rita's father as a dependent, they indicate that they provide him with transportation to dialysis, not with monetary support.

---

[1] The Court is uncertain how Plaintiffs could borrow $60,000 on a tract of land that is only worth $20,000.

-1-

To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Bulled v. Pallavicini, 19 F.3d 1439 (9th Cir. 1994).  In light of the financial information contained in Plaintiffs' affidavit, the Court cannot find that they are entitled to proceed *in forma pauperis*.  See Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2nd Cir. 1988); United States v. Valdes, 300 F.Supp.2d 82 (D.D.C. 2004); Failor v. Califano, 79 F.R.D. 12, 13 (M.D.Pa. 1978).

The denial of a motion to proceed *in forma pauperis* is a final judgment, and a magistrate judge may not enter this final judgment absent consent of the parties.  See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988)(citing 298 U.S.C. § 636(c)). Accordingly, the following recommendation is made.

### RECOMMENDATION

Plaintiffs' Application to Proceed Without Prepayment of Fees and Affidavit (*Court's Doc. No. 2*) should be **DENIED**, with leave to refile if the applicants believe that sufficiently particular, definite, and certain details can be provided to show that they cannot meet court costs and still provide themselves with the necessities of life.

Pursuant to 28 U.S.C. § 636(b)(3), Plaintiff may <u>not</u> file objections to these findings with the district court. <u>See Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1114 (9th Cir. 1998).

DATED this 2nd day of August, 2006.

<u>**/S/** Carolyn S. Ostby</u>
Carolyn S. Ostby
United States Magistrate Judge