IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

|  |  |  |
|---|---|---|
| THOMAS McLAREN and<br>RITA McLAREN,<br><br>     Plaintiffs,<br><br>     vs.<br><br>IRS APPEALS OFFICE and<br>MICHAEL JEKA,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV—06-53-BU-RFC-CSO<br><br><br><br><br><br>**FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

_____

Plaintiffs Thomas McLaren ("Mr. McLaren") and Rita McLaren ("Mrs. McLaren") (collectively "the McLarens") initiated this action against Defendants the Internal Revenue Service ("IRS") and IRS appeals officer Michael Jeka (collectively "Defendants") on July 26, 2006. *Cmplt*. (Court's Doc. No. 1) *at 1*. The McLarens challenge Defendants' determination of taxes due from Anaconda Ace Hardware LLP, and assessed against Mr. McLaren by

1

the IRS.  *Id*.  The McLarens have attached to their Complaint as Exhibit 1 the IRS "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" and the IRS "Enclosure to Notice of Determination" addressed to Mr. McLaren.  *Cmplt. at Ex. 1*.

Before the Court is the United States' Motion to Dismiss (Court's Doc. No. 16).  Having reviewed the motion, Defendants' brief, and the record, it is recommended that Defendants' motion be granted for the reasons stated herein.

## I.  BACKGROUND

The McLarens allege in their Complaint, in relevant part, as follows:

> III.
>
> Mr. Jenka (sic) of the IRS Appeals office made a determination involving our due taxes from Anaconda Ace Hardware LLP – We believe that we are not responsible for the full amount because of our partnership. Another partner should share in the total amount owed but was dismissed by Mr. Jenka (sic) of responsibility for the taxes.
>
> IV.
>
> The relief we seek is that Mr. John Corrigan be added to the owed taxes and that the amount be reduced and/or the penalties reduced so we can afford to make payments or restitution.

*Cmplt. at ¶¶ III and IV*.

On July 16, 2007, Defendants filed their Motion to Dismiss. They advance three primary arguments in support of their motion. *Memorandum in Support of United States' Motion to Dismiss*

("*Defts' Br.*") *at 1-2*.

First, Defendants argue that the Court lacks subject matter jurisdiction over Mrs. McLaren's claims because the outstanding tax liability is Mr. McLaren's.  Thus, Defendants argue, Mrs. McLaren lacks standing, the Court lacks subject matter jurisdiction over her claims, and dismissal of her claims is appropriate under Rule 12(b)(1), Fed. R. Civ. P.[1]  *Id. at 1, 6-7*.

Second, Defendants argue that the McLarens failed to serve the United States within 120 days of filing the complaint as required by Rule 4(m).[2]  Thus, Defendants argue, dismissal is appropriate under Rule 12(b)(5) for insufficiency of service of process.  *Id. at 2*.

Third, Defendants argue that the McLarens have failed to state a claim upon which relief can be granted.  Thus, they argue, Rule 12(b)(6) mandates dismissal.  *Id. at 1, 8-13*.

The McLarens failed to respond to Defendants' motion to dismiss.

---

[1] All references to Rules herein are to the Federal Rules of Civil Procedure unless indicated otherwise.

[2] Defendants also argue that the United States is the only proper defendant for two reasons.  First, they argue, the IRS is an agency of the United States and, as such, it enjoys sovereign immunity.  Congress has not waived this immunity.  Thus, they argue, the IRS is not an entity subject to suit and the United States is properly substituted in its place.
    Second, Defendants argue that Jeka, an IRS Appeals Officer, is sued herein in his official, and not individual, capacity.  Thus, Defendants argue, a claim against him is actually a claim against the United States.  Consequently, the United States is the only proper defendant in this action.  *Id. at 3*.

3

## II.   *DISCUSSION*

The Court has considered the record and the arguments presented.  Having done so, the Court concludes that the motion to dismiss should be granted for two reasons.

First, under the Local Rules of this Court, the McLarens' failure to respond is a concession that the motion is well-taken. Rule 7.1(i) of the Local Rules of Procedure of the United States District Court for the District of Montana provides that the "[f]ailure to file a brief by the adverse party shall be deemed an admission that the motion is well taken."  The McLarens' failure to respond to Defendants' motion indicates that they do not contest the motion and concede that it should be granted.

Second, the Court concludes that the McLarens' Complaint fails to state a claim upon which relief can be granted.  Thus, the Court recommends that the Complaint be dismissed under Rule 12(b)(6).

Under Rule 12(b)(6), a reviewing court "'must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true.'"  Syverson v. Int'l Bus. Machines Corp., 472 F.3d 1072, 1075 (9th Cir. 2007) (quoting Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000)).  Dismissal is proper only when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

4

901 F.2d 696, 699 (9th Cir. 1990).

In the case at hand, the IRS assessed Mr. McLaren with taxes under 26 U.S.C. § 6672(a).  *Cmplt. at Ex. 1* (indicating "Tax Type/Form Number" as "IRC [Internal Revenue Code] 6672 / TFRP"); 26 U.S.C. § 6672(a).  The McLarens do not contest the assessed tax liability.  Rather, they claim only that they "are not responsible for the full amount" and urge that "[a]nother partner should share in the total amount owed ...."  *Cmplt. at ¶ III.*

Even if the Court, construing the facts of the Complaint in the light most favorable to the McLarens, determines that another person also may be liable, as the McLarens contend, the McLarens still are unable to prevail with this action under the law.

"Liability under Section 6672 is joint and several."  14 MERTENS LAW OF FED. INCOME TAX'N § 54:105 (Sept. 2007) ("MERTENS") (citing Hartman v. U.S., 538 F.2d 1336, 1340 (8th Cir. 1976); see also Schultz v. U.S., 918 F.2d 164, 167 (Fed. Cir. 1990); Brown v. U.S., 591 F.2d 1136, 1142 (5th Cir. 1979); Savage v. U.S., 2006 WL 449117 *2 n.2 (E.D. Cal. 2006) (citing cases).  Also, the IRS is not required to seek payment from every responsible person and may assess the tax against one responsible person and not another.  14 MERTENS § 54:105 (citing Howard v. U.S., 711 F.2d 729, 735 (5th Cir. 1983)).  Thus, even if some other person may share responsibility with Mr. McLaren for the tax that he admits is owed, the IRS has no obligation to pursue that individual and,

under Section 6672, is permitted to pursue Mr. McLaren.  Thus, he has failed to state a claim herein upon which relief can be granted.  This, coupled with the fact that the McLarens did not respond to Defendants' motion to dismiss, convinces the Court that dismissal is appropriate.  Because of this conclusion, the Court does not address Defendants' other arguments in support of their motion to dismiss.

### III. *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that the United States' Motion to Dismiss (Court's Doc. No. 16) be GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 10th day of September, 2007.

/S/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge